# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| GILARIME MUELLER,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 4:10-cv-00148-JAJ<br><br><br><br>**ORDER** |

    This matter comes before the Court pursuant to Gilarime Mueller's April 1, 2010 motion for actions affecting property on which the United States has a lien. [Dkt. No.1.] Petitioner seeks satisfaction of the Court-ordered $200 special assessment payable to the Crime Victims Fund as per the Judgment[1] dated April 2, 2009. [Dkt. No. 120.] On April 13, 2010, petitioner moved for a preliminary injunction based upon the government's failure to respond to his first motion. [Dkt. No. 2.]

    Because petitioner challenges a part of his sentence, the Court construes this as a petition filed pursuant to 28 U.S.C. § 2255. The Court conducts the initial review required by Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS. A petitioner may challenge the validity of his sentence under § 2255 in the district of the sentencing court. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (citing Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995); Alveras v. Snyder, No. 99-22467, 1999 WL 1059831 (8th Cir. Nov. 16, 1999)); 28 U.S.C. § 2255 (a § 2255 motion allows a prisoner in custody to "move the court which imposed the sentence to vacate, set aside or correct the sentence."). "Because habeas relief is an extraordinary remedy which 'will not be allowed to do service for an appeal,' significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review." United States v. Moss, 252

---

[1] Petitioner's original case number was 3:08-cr-00054.

1

F.3d 993, 1001 (8th Cir. 2001) (quoting Bousley v. United States, 523 U.S. 614, 621 (1998)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice,' or that he is 'actually innocent.' Bousley, 523 U.S. at 622 (citations omitted); See also Moss, 252 F.3d at 1001 (8th Cir. 2001) (citations omitted).

Petitioner requests the Court to enter satisfaction of the Judgment in criminal case 3:08-cr-00054. At sentencing, the Court ordered petitioner to pay $200 to the Crime Victims Assistance Fund. Petitioner invokes the Federal Debt Collection Procedures Act, 28 U.S.C. § 3000, *et seq.* in support of his request for satisfaction. Petitioner also cites the Uniform Commercial Code in his petition as he characterizes the Judgment and its related documents as a negotiable instrument pursuant to U.C.C. § 7-104(1). Petitioner asks the Court to "[o]rder the U.S. Marshal to execute and deliver **all** documents necessary to transfer to the Petitioner all the **rights**, **titles**, **interests**, **and claims** of the judgment debtor in the personal property identified in the Judgment Document/Warehouse Receipt No.3:08-cr-00054-002" (emphasis in original), and "to return any and all personal property to the judgment debtor taken in execution pursuant to FDCPA 28 [U.S.C.] § 3203(f)(1)(1)".

First, the Court reviews the background of petitioner's case. A grand jury indicted petitioner on July 16, 2008, with conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. A jury found petitioner guilty on both counts on November 20, 2008. Petitioner's presentence investigation report calculated a total offense level of 42, a criminal history category of V, and a guideline imprisonment range of 360 months to life. The Court sentenced petitioner on April 2, 2009, to 380 months on both counts, sentences to be served concurrently. In addition, the Court ordered a mandatory $200 special assessment payable to the Crime Victims Assistance Fund. This assessment was due and payable immediately without interest to the Clerk of Court. Neither the indictment or the Judgment listed any items, personal or otherwise, subject to forfeiture. The petitioner did not appeal the $200 special assessment. The Eighth Circuit Court of Appeals affirmed on

March 29, 2010. United States v. Mueller, No. 09-1798 (8th Cir. March 29, 2010) (unpublished).

The Court imposed a special assessment of $200 in the April 2, 2009 Judgment. Title 18, section 3013 of the United States Code states that:

> (a) The court shall assess on any person convicted of an offense against the United States --
> . . .
>  (2) in the case of a felony --
>  (A) the amount of $100 if the defendant is an individual; . . .
> (b) Such amount so assessed shall be collected in the manner that fines are collected in criminal cases.
> (c) The obligation to pay an assessment ceases five years after the date of the judgment. This subsection shall apply to all assessments irrespective of the date of imposition.

18 U.S.C. § 3013. See Rutledge v. United States, 517 U.S. 292, 301 (1996) ("noting that 18 U.S.C. § 3013 requires a federal district court to impose a . . . special assessment for every conviction . . . ."). These special assessments are mandatory. Rutledge, 517 U.S. at 301. Whenever a special assessment is imposed, "its imposition renders it . . . a collateral consequence of the [conviction]." Id. (internal citations omitted).

Accordingly, the Court finds that petitioner has not alleged adequate grounds to challenge his $200 mandatory special assessment. Rutledge, 517 U.S. at 301. The petitioner makes a vague reference to other items seized from him. The judgment he complains of did not forfeit anything. He does not say what was seized, by whom, or why he claims it was wrongfully seized. The Court denies petitioner's request to return any other unnamed seized personal property. Additionally, because the Court denies petitioner's motion for satisfaction of the $200 special assessment, petitioner's motion for an injunction is rendered moot.

**IT IS SO ORDERED**

That the Petitioner's April 1, 2010 and April 13, 2010 motions [Dkt. Nos. 1 & 2] are denied.

The Clerk shall enter judgment for the respondent.

**DATED** this 13th day of April, 2010.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA