# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| GILARIME MUELLER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 4:10-cv-00148-JAJ<br><br><br><br>**ORDER** |

This matter comes before the Court pursuant to Petitioner Gilarime Mueller's § 2255 petition filed on April 1, 2010 and his Motion for Relief from Judgment filed on August 17, 2010. [Dkt. Nos. 1 & 7.] The Court denied the petition and motion on April 13, 2010, and August 25, 2010, respectively. Rule 11(a) of the Rules Governing § 2255 Proceedings states that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court denies a Certificate of Appealability.

Before a petitioner can appeal to the court of appeals from a final order in a habeas corpus proceeding, the district court judge must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Such certificate may be issued if "the applicant has made a substantial showing of the denial of a constitutional right," § 2253(c)(2), and indicates "which specific issue or issues satisfy the [substantial] showing." § 2253(c)(3).

To meet the "substantial showing" standard, the petitioner must demonstrate that a reasonable jurist would find the district court ruling on the constitutional claim debatable or wrong. *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006) (citing *Tennard v. Dretke,* 542 U.S. 274, 276, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)); *see also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) ("the petitioner must 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'"

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.1, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)) (alteration in original)). A "substantial showing" must be made for each issue presented. *See Parkus v. Bowersox*, 157 F.3d 1136, 1140 (8th Cir. 1998). The certificate of appeal will then contain "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-el v. Cockrellu*, 537 U.S. 322, 336 (2003). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* Thus, a district court may issue a certificate of appeal even if the court is not certain that "the appeal will succeed . . . [because a certificate of appealability] will issue in some instances where there is no certainty of ultimate relief." *Id.* at 336–37 (citing *Slack v. McDaniel*, 539 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

In the petitioner's § 2255 petition, he challenged the special assessment of $200 that the Court imposed in the April 2, 2009 judgment. As the Court noted in its thorough April 13, 2010 Order denying petitioner's § 2255 petition, special assessments are mandatory for every conviction pursuant to 18 U.S.C. § 3013. *See Rutledge v. United States*, 517 U.S. 292, 301 (1996). In his petition, the petitioner did not allege adequate grounds to challenge his mandatory special assessment and the grounds stated therein did not give rise to any arguable claim for relief. *See id.*

Here, the petitioner cannot show that reasonable jurists would disagree or debate whether the fact issues presented should have had a different outcome, and whether the fact issues are adequate to deserve encouragement to proceed further. *See Barefoot*, 463 U.S. at 893 n.4. The petitioner has not made a substantial showing that his special assessment was improper. *See Winfield*, 460 F.3d at 1040.

Upon the foregoing,

**IT IS ORDERED** that a Certificate of Appealability is denied on all issues.

**DATED** this 16th day of February, 2011.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA